David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Mitchell Young,**<br><br>Plaintiff,<br><br>v.<br><br>**Wakefield & Associates, Inc.;**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ ("FDCPA");**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Mitchell Young ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Wakefield & Associates, Inc. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges on his personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All the conduct engaged in by Defendant took place in the District of Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant intentionally contacted Plaintiff and thus conducted business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the claims arising out of Defendant's contacts with Plaintiff occurred in the City of Phoenix, County of Maricopa, State of Arizona.

11. At all times relevant, Defendant conducted business within the State of Arizona.

**Parties**

12. Plaintiff is a natural person who resides in the City of Phoenix, State of

Arizona.

13. Defendant is located in the City of Knoxville, State of Tennessee.

14. Plaintiff is a natural person allegedly obligated to pay a debt, and are each a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

16. On or about April 12, 2019, Plaintiff received medical treatment and is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before May 2020, Plaintiff scheduled regular payments to pay the alleged debt. In May 2020, Plaintiff paid the remainder of the alleged debt on the American Medical Response ("AMR") payment website. Plaintiff received a confirmation number.

19. Sometime thereafter, but before February 2021, Plaintiff received multiple calls from AMR regarding an alleged debt. Plaintiff also received a letter from AMR reflecting an alleged debt. AMR also called Plaintiff's mother about the alleged debt.

20. During August 2020, Plaintiff contacted AMR. AMR informed Plaintiff that they never received his May 2020 payment.

21. Subsequent to May 2020, but before February 2021, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about February 10, 2021, Defendant contacted Plaintiff about the

COMPLAINT 3

alleged debt. Plaintiff disputed the claim and insisted that he paid the alleged debt in full. Plaintiff provided the check number and the payment date. Defendant instructed Plaintiff to email the information regarding his May 2020 payment to "todd.viddle@wakeassoc.com." Plaintiff's email to that email address bounced.

23. On or about February 10, 2021, Plaintiff spoke with Defendant, who informed Plaintiff he owed $2,673.45, more than double the AMR invoice previously paid in full by Plaintiff.

24. On or about February 14, 2021, Plaintiff spoke with Defendant, who provided Plaintiff with a different email address to send information regarding the May 2020 payment. Plaintiff's email included copies of the AMR invoice, AMR's email confirming Plaintiff's payment, and bank statements reflecting payments made to AMR. Plaintiff's email also requested Defendant stop contacting him. Plaintiff's email to this email address also bounced.

25. On or about February 19, 2021, Plaintiff mailed to Defendant via Certified Mail Receipt physical copies of the AMR invoice, AMR's email confirming Plaintiff's payment, and bank statements reflecting payments made to AMR.

26. On or about April 16, 2021, Defendant informed Plaintiff that he owed $2,714.14 for the services rendered on April 12, 2019.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. Through this conduct, Defendant attempted to collect debt from Plaintiff that was not authorized by the agreement between Plaintiff and Defendant or by the law in violation 15 U.S.C. § 1692f and 1692f(1).

29. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

30. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

31. Through this conduct, Defendant made a false and misleading representation regarding the character, amount or legal status of an alleged debt that Plaintiff owed in violation of 15 U.S.C. § 1692e(2).

32. Because of Defendant's conduct, Plaintiff feels like he is in a hopeless situation.

33. In drafting the FDCPA, Congress felt that it was important for collectors to be truthful in their efforts and communications. Defendant's failure to account for Plaintiff's May 2020 payment and Defendant's continued attempts to collect a non-existent debt put Plaintiff at risk for paying a debt he did not owe.

34. This conduct was a material violation of the FDCPA because it potentially frustrates the ability of the least sophisticated debtor to intelligently choose whether or not to pay a debt that they do not owe.

35. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

## Causes of Action

## Count I

## Fair Debt Collection Practices Act (FDCPA)

## 15 U.S.C. §§ 1692 et seq.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Prayer For Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as described herein.

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 12, 2021                                  Respectfully submitted,

                                                      BY: /S/ RYAN L. MCBRIDE
                                                          RYAN L. MCBRIDE, ESQ.
                                                          ATTORNEY FOR PLAINTIFF